IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 1:15CR2 |
| v. | ) | |
| | ) | Count One: Conspiracy to Distribute |
| SAUL PACHECO MEJIA, | ) | Cocaine (21 U.S.C. § 846) |
| a/k/a Saul, | ) | |
| | ) | Counts Two and Four: Use, Carry, |
| Defendant. | ) | and Discharge of a Firearm During a Drug |
| | ) | Trafficking Crime Causing Death (18 U.S.C. |
| | ) | § 924(c)(1)(a) and j) |
| | ) | |
| | ) | Count Three: Possession with Intent to |
| | ) | Distribute Cocaine (21 U.S.C. § 841(a)) |
| | ) | |
| | ) | Forfeiture |
| | ) | |
| | ) | Notice of Special Findings |
| | ) | |

## INDICTMENT

January 2015 TERM - AT ALEXANDRIA

### COUNT ONE

THE GRAND JURY CHARGES THAT:

From in and around the Fall 2011 through the present, in Fairfax County, Virginia, within the Eastern District of Virginia, and elsewhere, SAUL PACHECO MEJIA, a/k/a Saul, the defendant herein, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the grand jury to knowingly, intentionally,

and unlawfully distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## WAYS, MANNER, AND MEANS TO ACCOMPLISH THE CONSPIRACY

The primary purpose of the conspiracy was to make as much money as possible through the distribution of cocaine in the Eastern District of Virginia and elsewhere. The ways, manner and means by which this purpose was carried out included the following:

1. It was part of the conspiracy that the defendant and his co-conspirators played different roles, took upon themselves different tasks and participated in the affairs of the conspiracy through various criminal acts.

2. It was further part of the conspiracy that the defendant and his co-conspirators made themselves and their services available at various times throughout the conspiracy and participated in selective drug distribution ventures on an "as needed" basis.

3. It was further part of the conspiracy that the defendant and his co-conspirators traveled in interstate commerce in order to facilitate the distribution of cocaine.

4. It was further part of the conspiracy that the defendant and his co-conspirators derived money and other benefits from their unlawful activities.

5. It was further part of the conspiracy that the defendant and his co-conspirators utilized telephone communications to facilitate their drug trafficking activities.

6. It was further part of the conspiracy that the defendant and his co-conspirators used various methods to conceal the conspiracy and their unlawful drug distribution activities in order to ensure the continuing existence and success of the conspiracy.

7. It was further part of the conspiracy that members of the conspiracy carried firearms as part of their drug trafficking activities.

## **OVERT ACTS**

In furtherance of the said conspiracy and to effect the objects thereof, the defendant and his co-conspirators committed overt acts in the Eastern District of Virginia and elsewhere, including, but not limited to, the following:

1. On or about December 12, 2011, SAUL PACHECO MEJIA, a/k/a Saul, and two known individuals, armed with firearms, traveled to Reston, Virginia, in order to sell cocaine to Colvin Morris.

2. On or about December 12, 2011, SAUL PACHECO MEJIA, a/k/a Saul, and the two above-referenced individuals chased Colvin Morris from the apartment after Morris attempted to rob them of their drugs.

3. On or about December 12, 2011, in Reston, Virginia, within the Eastern District of Virginia, the defendant's co-conspirators, shot and killed Morris as he attempted to flee.

4. On or about December 12, 2011, in Reston, Virginia, SAUL PACHECO MEJIA, a/k/a Saul and his co-conspirators fled the murder scene.

5. After the murder of Morris, in December 2011, SAUL PACHECO MEJIA, a/k/a Saul, and his co-conspirators fled to Honduras in order to avoid apprehension and prosecution for their crimes.

(All In violation of Title 21, United States Code, Section 846.)

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 12, 2011, in Fairfax County, Virginia, within the Eastern District of Virginia, SAUL PACHECO MEJIA, a/k/a Saul, the defendant herein, did knowingly and unlawfully use, carry, and discharge firearms, to wit: a handgun that fires .380 ammunition and a handgun that fires 9mm ammunition during and in relation to the commission of a drug trafficking crime, namely, the conspiracy to distribute cocaine as charged in Count One of this indictment, which description of each said crime is re-alleged and incorporated by reference as if set forth in full herein, and in doing so, did knowingly and willfully cause the death of Colvin Morris through the use of the firearm, which killing was a murder as defined in 18 U.S.C. § 1111, in that the defendant, acting with malice aforethought, did unlawfully kill and aid and abet the killing of Colvin Morris by shooting him with a firearm.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and (j) and 2.)

## COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 12, 2011, in Fairfax County, Virginia, in the Eastern District of Virginia, the defendant, SAUL PACHECO MEJIA, a/k/a Saul, did unlawfully, knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18 United States Code, Section 2.)

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 12, 2011, in Fairfax County, Virginia, within the Eastern District of Virginia, SAUL PACHECO MEJIA, a/k/a Saul, the defendant herein, did unlawfully and knowingly use, carry and discharge firearms, to wit: a handgun that fires .380 ammunition and a handgun that fires 9mm ammunition during and in relation to a drug trafficking crime, namely, possession with intent to distribute cocaine as alleged in Count Three of this indictment, which description of said crime is re-alleged and incorporated by reference as if set forth in full herein, and in doing so, did knowingly and willfully cause the death of Colvin Morris, through the use of a firearm, which killing was murder, as defined in Title 18, U.S.C. § 1111, in that the defendant, with malice aforethought did unlawfully kill and aid and abet the killing of Colvin Morris by shooting him with a firearm.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and (j), and 2.)

## **FORFEITURE NOTICE**

The defendant, if convicted of the violations alleged in Counts 1 or 3 of this Indictment, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds each defendant obtained, directly or indirectly, as the result of such violation; and any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation. This property includes, but is not limited to $100,000 in United States currency, representing proceeds that the defendant obtained in the course of the conspiracy alleged in Count 1 of this Indictment.

If convicted of the violations charged in Counts 2 or 4 of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to $100,000 in United States currency, representing proceeds that the defendant obtained in the course of the crimes alleged in Counts 2 or 4 of this Indictment.

(Pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982(a)(1)).

## NOTICE OF SPECIAL FINDINGS

A.  The allegations of this indictment are hereby re-alleged as if fully set forth herein and incorporated by reference.

B.  The defendant: **SAUL PACHECO MEJIA a/k/a Saul**

  (1) was 18 years of age or older at the time of the offense;

  (2) intentionally killed Colvin Morris (18 U.S.C. § 3591(a)(2)(A));

  (3) intentionally inflicted serious bodily injury that resulted in the death of Colvin Morris (18 U.S.C. § 3591(a)(2)(B));

  (4) intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Colvin Morris died as a direct result of such act (18 U.S.C. § 3591(a)(2)(c));

  (5) intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Colvin Morris died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

  (6) in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense. (18 U.S.C. § 3592(c)(5)); and

(7) committed the offense as consideration for the receipt, or in expectation of the receipt, of anything of pecuniary value. (18 U.S.C. § 3592(c)(8)).

(Pursuant to Title 18, United States Code, Sections 3591 and 3592)

TRUE BILL:

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

_____
Foreperson of the Grand Jury

Dana J. Boente
United States Attorney

By: _____
Jonathan L. Fahey
Michael P. Ben'Ary
Assistant United States Attorneys